[Civ. No. 19159. Third Dist. Apr. 3, 1981.]

ALBERT E. POLONSKY et al., Plaintiffs and Appellants, v.
CITY OF SOUTH LAKE TAHOE et al.,
Defendants and Respondents.

COUNSEL

Albert E. Polonsky, in pro. per., for Plaintiffs and Appellants.

J. Dennis Crabb, City Attorney, Kenneth C. Rollston, John L. Wright and John C. Weidman for Defendants and Respondents.

OPINION

**PARAS, J.**—Plaintiffs, lot owners and disappointed applicants for sewer and building permits, appeal from a judgment of dismissal following the sustaining of defendants' demurrer without leave to amend. We affirm.

According to the factual allegations in the writ petition, which we accept as true (*Haggerty v. County of Kings* (1953) 117 Cal.App.2d 470, 478 [256 P.2d 393]), plaintiffs purchased an unimproved lot in a subdivision in South Lake Tahoe in 1976. The subdivider had been assured by district personnel that sewer services, prerequisite for obtaining city building permits, would be available. This was not the case and the district knew it and concealed it.

Plaintiffs applied for a sewer connection in May of 1977 and for a building permit in July of that year. At the time, the district was not allowing any sewer connections and plaintiffs were assigned to position 194 on the waiting list. Plaintiffs lost this position in January 1979 when all prior applications were denied and a system plaintiffs designate a "lottery" was instituted by ordinance. The ordinance required ownership of record as of January 31, 1979, as a prerequisite for participation in a random allocation of available sewer permits. Plaintiffs paid a fee to participate in the drawing, but did not obtain a sewer connection permit.

The superior court sustained defendants' demurrer to plaintiffs' petition for a writ of mandate to compel issuance of sewer and building permits to them and to declare the sewer permit distribution system illegal and void. No leave to amend was allowed and the action was dismissed.

■ On appeal, plaintiffs contend the court abused its discretion because the sewer permit distribution system was an illegal lottery in 1979[1] and because the petition could be amended to state a cause of action in fraud. Penal Code section 319 upon which plaintiffs rely, defines a lottery as "any scheme for the disposal or distribution of property by chance, among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property or a portion of

---

[1]The 1980 version of the drawing eliminates payment of a fee until after the drawing when the costs of the procedure are shared by successful applicants.

it, or for any share or any interest in such property, upon any agreement, understanding, or expectation that it is to be distributed or disposed of by lot or chance, whether called lottery, raffle, or gift-enterprise, or by whatever name the same may be known." The court found that the allocation system was not a lottery because the incidental fee charged to cover the cost of notifying those qualified to apply by their ownership interests was not "consideration" under the terms of the statute and there was no motive of direct or indirect financial gain to the city or district. It further found that even if the allocation system were an illegal lottery, plaintiffs' suit was barred by unclean hands as a result of their voluntary participation in the drawing. We sustain the trial court on the first ground for its decision, and need not consider the second. There is no ground for reversal on this issue.

Plaintiffs' second argument is that it is possible to amend the petition to allege a cause of action for fraud; thus it was error to sustain the demurrer without leave to amend. However, Government Code sections 818.8 and 818.4 provide defendants with immunity from any such claims.

The judgment of dismissal is affirmed.

Puglia, P. J., and Evans, J., concurred.